IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

KEITH AVERY SOMMERFELDT,            )
                                    )
         Plaintiff,                 )
                                    )
    v.                              )   CIVIL ACTION NO.: CV213-146
                                    )
                                    )
COMMISSIONER OF SOCIAL              )
SECURITY,                           )
                                    )
         Defendant.                 )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff contests the decision of Administrative Law Judge Donald Fishman ("the ALJ" or "ALJ Fishman") denying his claim for a period of disability, disability insurance benefits, and supplemental security income. Plaintiff urges the Court to reverse the ALJ's decision and award him benefits. Defendant asserts the Commissioner's decision should be affirmed.

Plaintiff protectively filed an application for a period of disability, disability insurance benefits, and supplemental security income on October 15, 2010, alleging that he became disabled on December 15, 2007, due to depression, panic disorder, and anxiety. (Doc. No. 20, p. 2). After his claim was denied initially and upon reconsideration, Plaintiff filed a timely request for a hearing. On April 26, 2012, ALJ Fishman conducted a video hearing at which Plaintiff, who waived representation by counsel, appeared and testified. James Waddington, a vocational expert, also

appeared at the hearing. ALJ Fishman found that Plaintiff was not disabled within the meaning of the Act. (Doc. No. 12-2, p. 9). The Appeals Council denied Plaintiff's request for review of the ALJ's decision, and the decision of the ALJ became the final decision of the Commissioner for judicial review. (Id. at p. 2).

Plaintiff, born on March 20, 1956, was fifty six (56) years old when ALJ Fishman issued his final decision. He has a high school education. (Doc. No. 12-2, p. 16). Plaintiff's past relevant work experience includes employment in building maintenance and small engine repair. (Id.).

## ALJ'S FINDINGS

Pursuant to the Act, the Commissioner has established a five-step process to determine whether a person is disabled. 20 C.F.R. §§ 404.1520 & 416.920; Bowen v. Yuckert, 482 U.S. 137, 140 (1987). The first step determines if the claimant is engaged in "substantial gainful activity." Yuckert, 482 U.S. at 140. If the claimant is engaged in substantial gainful activity, then benefits are immediately denied. Id. If the claimant is not engaged in such activity, then the second inquiry is whether the claimant has a medically severe impairment or combination of impairments. Yuckert, 482 U.S. at 140-41. If the claimant's impairment or combination of impairments is severe, then the evaluation proceeds to step three. The third step requires a determination of whether the claimant's impairment meets or equals one of the impairments listed in the Code of Federal Regulations and acknowledged by the Commissioner as sufficiently severe to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d) & 416.920(d); 20 C.F.R. Pt. 404, Subpt. P. App. 1; Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004). If the impairment meets or equals one of the listed impairments, the plaintiff is presumed

2

disabled. Yuckert, 482 U.S. at 141. If the impairment does not meet or equal one of the listed impairments, the sequential evaluation proceeds to the fourth step to determine if the impairment precludes the claimant from performing past relevant work. Id. If the claimant is unable to perform his past relevant work, the final step of the evaluation process determines whether he is able to make adjustments to other work in the national economy, considering his age, education, and work experience. Phillips, 357 F.3d at 1239. Disability benefits will be awarded only if the claimant is unable to perform other work. Yuckert, 482 U.S. at 142.

In the instant case, the ALJ followed this sequential process to determine that Plaintiff did not engage in substantial gainful activity during the period from his alleged onset date of December 15, 2007, through the date of ALJ Fishman's decision on July 12, 2012. (Doc. No. 12-2, p. 11). At Step Two, the ALJ determined that Plaintiff has a history of right rotator cuff injury and anxiety and depression, conditions considered "severe" under the Regulations. However, the ALJ determined that Plaintiff's medically determinable impairment did not meet or medically equal a listed impairment. (Id. at p. 13). The ALJ found that Plaintiff had the residual functional capacity, through the date of his decision, to perform work at the medium exertional level, except for the following limitations: lift and carry 50 pounds occasionally and 25 pounds more frequently; sit, stand, and walk at least six (6) hours each day with normal breaks; occasional overhead reaching with the right upper extremity and frequent overhead reaching with the left upper extremity; frequently climb ladders, ropes, and stairs, crawl, stoop, crouch and kneel; repetitive short cycle work with a specific vocational preparation of 1–4; frequent, superficial contact with public; and occasional close association with co-workers. (Id. at

14). At the next step, ALJ Fishman noted Plaintiff was unable to perform his past relevant work as a building maintenance worker and small engine repairman. (Id. at p. 16). The ALJ determined at the final step that Plaintiff had the residual functional capacity for janitorial work. (Id.).

## ISSUE PRESENTED

It appears that Plaintiff contends that the ALJ erred because his decision is not supported by substantial evidence.[1]

## STANDARD OF REVIEW

It is well-established that judicial review of social security cases is limited to questions of whether the Commissioner's factual findings are supported by "substantial evidence," and whether the Commissioner has applied appropriate legal standards. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990). A reviewing court does not "decide facts anew, reweigh the evidence or substitute" its judgment for that of the Commissioner. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). Even if the evidence preponderates against the Commissioner's factual findings, the court must affirm a decision supported by substantial evidence. Id.

However, substantial evidence must do more than create a suspicion of the existence of the fact to be proved. The evidence relied upon must be relevant evidence which a reasonable mind would find adequate to support a conclusion. Walden v. Schweiker, 672 F.2d 835, 838-39 (11th Cir. 1982). The substantial evidence standard requires more than a scintilla but less than a preponderance of evidence. Dyer, 395

---

[1] Plaintiff is proceeding on a *pro se* basis. He asks the Court to obtain additional records and to re-open his claim before the Social Security Administration. (Doc. No. 19).

4

F.3d at 1210.  In its review, the court must also determine whether the ALJ or Commissioner applied appropriate legal standards.  Failure to delineate and apply the appropriate standards mandates that the findings be vacated and remanded for clarification.  Cornelius, 936 F.2d at 1146.

## DISCUSSION AND CITATION TO AUTHORITY

I. **Residual Functioning Capacity**

Plaintiff points to several pages of the transcript ALJ Fishman had before him and notes that that there are inconsistencies in the record and with the ALJ's residual functioning capacity finding.

A residual functioning capacity assessment must always consider and address medical source opinions.  If the residual functioning capacity assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted. Social Security Ruling 96-8p.  "An ALJ is not entitled to pick and choose through a medical opinion, taking only the parts that are favorable to a finding of nondisability."  Kerwin v. Astrue, 244 F. App'x 880, 885 (10th Cir. 2007).  The final determination of a plaintiff's residual functioning capacity is reserved to the Commissioner. 20 C.F.R. §§ 404.1527(d) & (e)(2).

ALJ Fishman found that Plaintiff had the residual functioning capacity to perform work at the medium exertional level, with certain limitations, as already noted.  In so doing, ALJ Fishman looked to Plaintiff's medical records and noted that Plaintiff had surgery on his right rotator cuff in 2002, but there was no evidence that he experienced further problems with his rotator cuff.  (Doc. No. 12-2, p. 12).  The ALJ stated that Dr. Brian Helmly's consultative examination revealed that Plaintiff had 5/5 strength with

5

adequate fine motor movements, dexterity, and ability to grasp objects bilaterally. Plaintiff was also able to get up from a sitting position without assistance, stand on his tiptoes, make a heel and tandem walk without problems, and bend and squat without difficulty. (Id.). ALJ Fishman also noted Plaintiff's "long history" with "mental issues." (Id.). ALJ Fishman observed that Plaintiff did not have any non-exertional limitations which resulted in at least two (2) marked restrictions for the "paragraph B" criteria for Listings 12.04 and 12.06.[2] (Id. at p. 13). However, the ALJ did find that Plaintiff suffered from moderate difficulties in social functioning and in concentration, persistence, or pace. (Id. at pp. 13–14). ALJ Fishman considered these restrictions to gauge the severity of Plaintiff's mental impairments. ALJ Fishman noted Plaintiff's activities of daily living. ALJ Fishman determined that Plaintiff's medically determinable impairments reasonably could be expected to cause his alleged symptoms, but the statements regarding intensity, persistence, and limiting effects were not credible because they were inconsistent with the evidence of record. The ALJ specifically noted that, despite Plaintiff's alleged mental health issues, he was able to work most years and that he lost one job because of a failed drug test and another job because of "lack of work[.]" (Id. at p. 15). ALJ Fishman concluded that his determination of Plaintiff's residual functioning capacity is supported by Plaintiff's written statements and testimony of activities of daily living, in conjunction with clinical facts, medical findings, and

---

[2] "Listing 12.04 provides that a claimant is disabled if [ ]he has a sufficiently severe 'disturbance of mood, accompanied by a full or partial manic or depressive syndrome.'" Barclay v. Comm'r of Soc. Sec. Admin., 274 F. App'x 738, 741 (11th Cir. 2008) (quoting 20 C.F.R. § 404, Subpt. P, App. 1, Listing 12.04). "Listing 12.06 provides that a claimant is disabled if [ ]he suffers from anxiety and that 'anxiety is either the predominant disturbance or it is experienced if the individual attempts to master symptoms; for example, confronting the dreaded object or situation in a phobic disorder or resisting the obsessions or compulsions in obsessive compulsive disorders.'" Id. (quoting 20 C.F.R. § 404, Subpt. P, App. 1, Listing 12.06).

6

opinions of the treating, examining, and non-examining physicians and sources. (Id. at p. 16).

ALJ Fishman's assessment of Plaintiff's residual functioning capacity is supported by substantial evidence. The "inconsistencies" to which Plaintiff points are not inconsistencies from the physicians themselves, but rather, are inconsistencies between Plaintiff's subjective complaints and the actual clinical findings from the doctors. See e.g., Doc. No. 13-1, pp. 39–41). Plaintiff's enumeration of error is without merit.

## II. Vocational Expert

Plaintiff asserts that the ALJ posed a hypothetical scenario to the vocational expert at the hearing which led the vocational expert to conclude that Plaintiff could not return to his past relevant work. Under the Act, a plaintiff bears the burden of proving that he cannot perform his past relevant work. Barnes v. Sullivan, 932 F.2d 1356, 1359 (11th Cir. 1991). If a plaintiff cannot perform his past relevant work, the burden shifts to the ALJ to prove that other work exists in the national economy which the plaintiff can perform. Jackson v. Bowen, 801 F.2d 1291, 1293 (11th Cir. 1986). Through the use of vocational expert testimony, the ALJ must articulate specific jobs which the plaintiff is able to perform. Cowart v. Schweiker, 662 F.2d 731, 736 (11th Cir. 1981). The hypothetical questions which the ALJ poses to the vocational expert must comprehensively describe the claimant's impairments. Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir. 1999). However, the hypothetical need only include the impairments which the ALJ accepts as true. McKay v. Apfel, No. 97-C-1548-N, 1999 WL 1335578, *7 (M.D. Ala. Dec. 9, 1999) (citing Haynes v. Shalala, 26 F.3d 812, 815 (8th Cir. 1994)).

ALJ Fishman determined that Plaintiff could not return to his past relevant work. In accordance with that finding, the ALJ posed a hypothetical to a vocational expert detailing those impairments ALJ Fishman found credible. The vocational expert determined that Plaintiff's past relevant work consisted of certain skills which are transferrable to janitorial work, which is an occupation with jobs existing in significant numbers in the national economy. (Doc. No. 12-2, pp. 16–17).

ALJ Fishman did what was required of him under the Act. Once he determined Plaintiff could not return to his past relevant work, he met his burden by using a vocational expert to determine whether Plaintiff could perform jobs in the national economy, given Plaintiff's residual functioning capacity.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that the decision of the Commissioner be **AFFIRMED**.

**SO REPORTED** and **RECOMMENDED**, this 23rd day of June, 2014.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)